**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frank J. BALLESTEROS,**
**Defendant–Appellant.**

**No. 15–15112**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 18, 2016.

Nicole D. Mariani, Wifredo A. Ferrer, Alison Whitney Lehr, Laura Thomas Rivero, Vivian Rosado, Kathleen Mary Salyer, Emily M. Smachetti, Arimentha R. Walkins, Dwayne Edward Williams, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Frank J. Ballesteros, Miami, FL, pro se.

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Frank J. Ballesteros appeals *pro se* the denial of a postconviction motion that the district court treated as a motion to vacate. *See* 28 U.S.C. § 2255. We affirm.

Ballesteros filed a belated motion for a new trial based on prosecutorial misconduct. The United States argued that Ballesteros's motion should be construed as a motion to vacate and that the motion was successive, untimely, and procedurally defaulted. *See id.* The district court denied Ballesteros's motion "for [the] reasons set forth in [the] Government's Response."

Ballesteros's motion was untimely whether it was treated as a motion for a new trial or a motion to vacate. Ballesteros had to file a motion for a new trial "grounded on newly discovered evidence ... within 3 years" after his conviction on April 10, 2012, *see* Fed.R.Crim.P. 33(b)(1), but he waited until August 28, 2015, more than four months after the deadline expired, to file his motion. And if we construe his filing as a motion to vacate, Ballesteros failed to file his motion within one year after "the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1).

We deem abandoned any challenge that Ballesteros could have made to the disposition of his motion. "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir.2008). Ballesteros argues that his allegations of prosecutorial misconduct are meritorious, but he fails to challenge the decisions to construe his motion as a motion to vacate or to deny his motion as untimely and procedurally barred.

We **AFFIRM** the denial of Ballesteros's motion.